Application of FLOYE. W. HUNT, et al.

Railroad & Public Utilities Commission.

August 12, 1953.

Lewis H. Hill, Jr., of Hill, Hill & Dickenson, Tampa, for applicants.

## BY THE COMMISSION.

On August 4, 1953 the commission by its duly designated examiner, J. B. Norman, held a public hearing on this application in the county court room in the New Hillsborough County Court House in Tampa.

This is a joint application for approval of the transfer of certificate of public convenience and necessity no. 67 from Floye W. Hunt, individually and as executrix of the estate of Dallas E. Hunt, deceased, to Hunt Truck Lines, Inc., which certificate authorizes transportation in common carriage of freight over the following routes—

Under order no. 415, issued December 29, 1931—"From Tampa to Haines City over state road 17 and county road serving Plant City, Lakeland, Auburndale, Florence Villa, Winter Haven and Lake Alfred; thence from Haines City to Sebring over state road 8, serv-

ing Lake Hamilton, Dundee, Lake Wales, Frostproof and Avon Park." Under order no. 534, issued November 4, 1932—"From Tampa to Arcadia, serving Hopewell, Mulberry, Pierce, Bradley Junction, Bartow and Pembroke." Under order no. 1070 issued May 30, 1938—"That portion of certificate no. 56 lying south of state road 23 (new road no. 574) between Tampa and Plant City, including Coronet and south of state road 17 (new road no. U. S. 92) between Plant City and Haines City, except points between Auburndale and Winter Haven and between Winter Haven and Haines City." Under order no. 1740, issued May 3, 1945—"From Tampa over state road 79 to Bartow; thence over state road 2 to Lakeland; from Lake Wales over state road 8 to Haines City; from Winter Haven over unnumbered highway to Dundee, including service to and from all intermediate points, including the off-route points of Alturas and Comersville, and return over the same routes; between Tampa and Haines City and west of state road 8 and east of U. S. 41 except Winter Haven, Florence Villa and Lucerne Park." Under order no. 2214, issued June 9, 1948—"Between Haines City and Lake Placid over state road 25."

The application was supported by the testimony of Floye W. Hunt and Frank M. Teachout and the several exhibits filed at the hearing.

The commission finds that there has been duly issued to Dallas E. Hunt certificate no. 67 which had incorporated within it the authority previously issued to him under certificate no. 166 and that at the time of his death he was the owner and holder of the authority above described; that his wife, Floye W. Hunt, was the principal legatee under his will, being devised and bequeathed all of his estate except a small cash payment to his daughter and that as such she became entitled to enjoy the rights and privileges granted under the above certificate to the extent of the authority above outlined subject, however, to the approval of this commission; that with the consent of the commission and under the supervision and direction of the county judge of Hillsborough County Floye W. Hunt as executrix of her husband's estate continued the operation of the freight line which had been operated by her husband during his lifetime; that desiring to change from an unincorporated to an incorporated business, Floye W. Hunt caused to be incorporated under the laws of this state Hunt Truck Lines, Inc. and thereupon with the approval of said county judge entered into an agreement with said corporation to transfer to it the above numbered certificate covering the operating rights above described, together with automotive equipment and other personal property as is shown on the balance sheet filed as an exhibit at the hearing.

It appears that the personnel who will conduct the operations of this business under the new corporation will be identical with the personnel which has heretofore conducted such business, that they have the requisite experience and that the corporation is able, financially and otherwise, to conduct the operation applied for and render such service as may be required by the public.

The commission finds that the transfer of the certificate should be approved. It is therefore ordered that the joint application of Floye W. Hunt, individually and as executrix of the estate of Dallas E. Hunt, deceased, and Hunt Truck Lines, Inc., be and the same is hereby approved; that Floye W. Hunt, individually and as executrix of the estate of Dallas E. Hunt, deceased, be and she is hereby authorized to transfer to Hunt Truck Lines, Inc. certificate of public convenience and necessity no. 67, which certificate authorizes the transportation in common carriage of freight over the routes and within the territory above described; that Hunt Truck Lines, Inc. is hereby specifically granted authority to adopt in every respect as if the same had been originally filed and posted by it all tariffs and supplements thereto, time schedules and supplements thereto, rules, notices, concurrences, traffic agreements, divisions, authorities, powers of attorney or any other instrument whatsoever filed with the commission by Dallas E. Hunt under certificate no. 67.

It is further ordered that upon effecting the transfer the joint petitioners notify the commission of such transfer in order that the certificate herein described may be issued in the name of the transferee. It is further ordered that the transferee file with this commission evidence of compliance with its rules governing insurance.